UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY GLEIS, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:04 CV 2217 (DFM) |
| vs. | : | |
| | : | |
| OFFICER JOHN BUEHLER, | : | |
| CITY OF STAMFORD, and | : | |
| SGT. SEAN COONEY, | : | December 30, 2005 |
| | : | |
| Defendants. | : | |

## STIPULATION OF FACTS AND
## ADMISSIBILITY/AUTHENTICITY OF DOCUMENTS

The parties hereby stipulate and agree to the following facts and

authenticity/admissibility of the attached documents for the purposes of the joint

Motions for Summary Judgment filed herewith.  This Stipulation of Facts and

Admissibility/Authenticity of Documents apply only for the purpose of the Motions

for Summary Judgment in this case.

**A.  ARREST FOR STOP & SHOP INCIDENT ON MAY 10, 2002:**

1.  On Friday, **May 10, 2002,** at approximately 4:00 p.m., PO Buehler

investigated a complaint at the Stop & Shop supermarket by Angela McKinley

about a dispute with Nancy Gleis arising from a parking space.

2.  On **May 10, 2002,** Officer Buehler, who was later joined by Sgt. Cooney,

went to the plaintiff's townhouse at which time she spoke with Officer Buehler and Sgt. Cooney through a window, although she declined their request that she open the door. Sgt. Cooney subsequently testified at the evidentiary hearing in the criminal proceedings that he and Officer Buehler had been "rebuffed" by the plaintiff that night.

3. Officer Buehler and Sgt. Cooney then went to Angela McKinley's home at which time she signed a sworn affidavit which elaborated on her complaint about Ms. Gleis.

4. Officer Buehler prepared Incident Report No. 02051000154 (two pages), dated May 10, 2002, regarding the alleged events at Stop & Shop that afternoon, a true and accurate copy of which is attached hereto as **Exhibit A** (with redactions as to alleged obscene words which the parties agree are not relevant to the motions for summary judgment).

5. Ms. McKinley signed a sworn statement that night, May 10, 2002, regarding the alleged events at Stop & Shop that afternoon, a true and accurate copy of which is attached hereto as **Exhibit B**.

6. Ms. Gleis faxed a letter (plaintiff's "fax") dated **May 12, 2002**, to the attention of Sgt. Cooney, which gave her side of the events in the parking lot of Stop & Shop on the afternoon of May 10, 2002, including her claim that parking lot surveillance tapes and a witness would confirm her version of the dispute.

7. A true and accurate copy of plaintiff's fax, dated **May 12, 2002**, is attached hereto as **Exhibit C**. (The fax inadvertently refers to the date of the incident as "May 9" as opposed to the correct date of May 10).

2

8.  A true and accurate copy of Officer Buehler's supplemental report dated **May 17, 2002,** concerning receipt of this fax is attached hereto as **Exhibit D**.

9.  Officer Buehler and his supervisor, Sgt. Cooney, never viewed or obtained the Stop & Shop parking lot surveillance tapes referred to in plaintiff's fax dated **May 12, 2002**.

10.  On Saturday, **May 18, 2002**, a warrant application/affidavit for the arrest of Nancy Gleis was prepared by Officer Buehler, which was also signed by Sgt. Cooney.  Officer Buehler states in his affidavit that plaintiff's fax was attached to the affidavit.

11.  On **May 21, 2002**, the arrest warrant was signed by a Superior Court judge for the arrest of the plaintiff.  A true and accurate copy of said warrant (with alleged obscenities redacted) is attached hereto as **Exhibit E.**

12.  On or about **June 8, 2002**, the parking lot surveillance tapes were automatically taped over by Stop & Shop.

13.  On **October 23, 2002**, plaintiff stopped her car at a construction site to ask a Stamford police officer for directions, at which time she was advised of the outstanding warrant arising from the alleged events in the Stop & Shop parking lot on May 10, 2002.

14.  On **January 2, 2003**, plaintiff went to the State Attorney's office and inspected her file.  Plaintiff prepared two duplicate originals of **Exhibit F** attached hereto, which is a list of all of the documents in the file she was given (a total of 14 pages) which, as noted on **Exhibit F**, confirms that plaintiff's fax, advising the defendants of the exculpatory surveillance tapes, was not attached to Officer

Buehler's warrant affidavit (Exhibit E above).

15. On **February 24, 2003**, Michael Panza, an investigator for the State Attorney's office in Stamford, submitted a report to the State Attorney's Office confirming the existence of the two Stop & Shop parking lot surveillance cameras and confirming that they "run 24 hrs a day 7 days a week even if no one on duty." A copy of that report is attached hereto as **Exhibit G**.

## B. PROCEEDINGS IN STATE SUPERIOR COURT FOR STOP & SHOP ARREST:

16. On February 17, 2003, plaintiff filed a pro se Motion to Dismiss the Stop & Shop charges, which consisted of "Risk of Injury to a Minor", 53a-21(a)(1), CGS; "Attempted Assault in the Second Degree", 53a-60, CGS; and "Breach of Peace", 53a-181, CGS.

17. On March 10, 2003, Superior Court Judge Bingham denied plaintiff's pro se motion, a true and accurate copy of which memorandum is attached hereto as **Exhibit H**.

18. Plaintiff retained a private attorney who filed motions for reconsideration in May and June, 2003.

19. On the afternoon of **October 30, 2003,** an evidentiary hearing was held, at which time defendants Buehler and Cooney testified.

20. A true and correct copy of the transcript of the proceedings on October 30, 2003 (pages 1-123), is attached hereto as **Exhibit I,** which includes the testimony of Mr. Mugford (security supervisor of the shopping plaza that included Stop & Shop, pages 12-30), Scott Ziter (head of loss prevention for Stop & Shop,

4

pages 31-65), defendant herein, Officer Buehler (pages 66-103), and defendant
herein, Sgt. Sean Cooney, pages 104-122).

21.  After plaintiff's attorney filed a Motion To Re-Open Testimony in order
to rebut the testimony of the defendants on October 30, 2003, further proceedings
were held on January 7, 2004.

22.  A true and accurate copy of the transcript of the testimony of Nancy
Gleis on January 7, 2004 (pages 1-65), is attached hereto as **Exhibit J.**

23.  A true and accurate copy of the transcript of the testimony of James
Cayo (Stop & Shop detective, pages 1-31) is attached hereto as **Exhibit K**.

24.  On July 20, 2004, Superior Court Judge Martin Nigro issued a decision
denying plaintiff's Motion To Dismiss the criminal charges, a true and accurate
copy of which is attached hereto as **Exhibit L**.

25.  On or about August 2, 2004, plaintiff's attorney filed a Notice of Motion
For Reconsideration and Articulation, which was never responded to by the State's
Attorney or the Court.

26.  On September 9, 2004, in preparation for trial, plaintiff's attorney was
provided with samples from the two Stop & Shop parking lot surveillance cameras.
Two photographs, produced from those surveillance tapes, are attached hereto as
**Exhibit M**.

27.  On December 9, 2004, after the case was re-assigned to a new state's
attorney and a different judge, the case was dismissed with prejudice, a copy of

which dismissal is attached hereto as **Exhibit N.**

THE PLAINTIFF

NANCY LYNN GLEIS
1035 South Main Street- #120
Cheshire, CT 06410
(617) 894-5561
email nancyg425@aol.com


THE DEFENDANTS, PO BUEHLER, et al

THOMAS M. CASSONE
DIRECTOR OF LEGAL AFFAIRS

BY

James V. Minor (CT 05963)
Assistant Corporation Counsel
888 Washington Boulevard, Box 10152
Stamford, CT  06904-2152
(203) 977-4087 fax 977-5560
Email jminor@ci.stamford.ct.us

6