```
             UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

NANCY GLEIS,                         :
                                     :
     Plaintiff,                      :
                                     :
V.                                   :   CASE NO. 3:04CV2217(RNC)
                                     :
JOHN BUEHLER, et al.,                :
                                     :
     Defendants.                     :
```

## RULING AND ORDER

Plaintiff, proceeding pro se, has moved pursuant to 28 U.S.C. § 636(c)(4) to vacate the reference of this case to Magistrate Judge Martinez [doc. 127].  Judge Martinez has been exercising case-dispositive jurisdiction in this matter since 2005, when the case was referred to her on mutual consent of the parties for all further proceedings including entry of final judgment.  Under § 636(c)(4), such a full reference may be vacated at the request of a party only if the party shows "extraordinary circumstances."  Plaintiff has not made the compelling showing required by the statute to justify vacating the referral.  Accordingly, the motion is denied.

Plaintiff seeks to vacate the referral in order to have me reconsider a recent ruling by Judge Martinez denying plaintiff's motion to reopen this case.  This case was closed in 2007 pursuant to a ruling by Judge Martinez granting the defendants' motion for summary judgment.  Judge Martinez subsequently denied a motion for reconsideration filed by the plaintiff seeking to vacate the judgment.  The grant of summary judgment was then

affirmed on appeal.  See Gleis v. Buehler, 374 F. App'x 218 (2d Cir. 2010).  After the judgment was affirmed, plaintiff returned to this court and filed motions to reopen the case and recuse Judge Martinez.  Both motions were recently denied by Judge Martinez leading plaintiff to file the pending motion for reconsideration.

   Plaintiff urges that the referral to Judge Martinez should be vacated in light of statements contained in the ruling on summary judgment, which the plaintiff views as clearly erroneous.  The Second Circuit, after reviewing Judge Martinez's grant of summary judgment de novo, affirmed her ruling in all respects and described her opinion as "thorough and well-reasoned."  Gleis, 374 F. App'x. at 220-21.  The Second Circuit's decision constitutes the law of this case and must be followed.

   Plaintiff submits that the summary judgment ruling is extremely disadvantageous to her, financially and otherwise.  Plaintiff's concern is understandable.  But a party's dissatisfaction with a magistrate judge's decision does not constitute an extraordinary circumstance under § 636(c)(4).  Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, No. 04 Civ. 9651 (KMW)(KNF), 2011 WL 70593, at *3 (S.D.N.Y. Jan. 10, 2011).  As commentators have observed, the statute was "certainly not meant to permit a party to argue that rulings by the magistrate judge warranted withdrawal of the case."  12 Charles

A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, <u>Federal Practice and Procedure: Civil</u> § 3071.3 (2d ed. Supp. 2012).

Plaintiff submits that the referral should be vacated because Judge Martinez is not impartial.  Plaintiff made essentially the same argument in support of her motion to recuse Judge Martinez.  In denying the motion, Judge Martinez stated that plaintiff had "fail[ed] to demonstrate favoritism or antagonism that would raise a significant doubt that justice would be done absent recusal."  Rulings on Motions to Recuse and Reopen at 2 (doc. 123).  Having reviewed the record, I agree with Judge Martinez's conclusion.

Reported decisions involving motions to vacate referrals pursuant to § 636(c)(4) show that judges do not vacate referrals whenever bias is alleged but instead require the movant to point to facts satisfying the statute's standard of extraordinary circumstances.  <u>See, e.g.</u>, <u>Manion v. American Airlines, Inc.</u>, 251 F.Supp.2d 171, 174-75 (D.D.C. 2003); <u>Doe v. Nat'l Bd. of Med. Exam'rs</u>, No. CIV. A. 99-4532, 2001 WL 1003206, at *4 (E.D.Pa. Aug. 14, 2001); <u>Clay v. Brown, Hopkins & Stambaugh</u>, 892 F. Supp. 11 (D.D.C. 1995).  Requiring litigants to satisfy the statute's demanding standard serves important institutional interests, which would be at risk if a less cautious approach were used. "Particular caution is warranted when it appears that the party

seeking to vacate a referral to which it previously consented simply wants to 'rehash' before a district judge motions decided by the magistrate judge." Manion, 251 F.Supp.2d at 174 (quoting Ouimette v. Moran, 730 F.Supp. 473, 480 (D.R.I. 1990)). In the absence of a showing of extraordinary circumstances, "the remedy is not evicting the magistrate judge from the case, but the taking of an appeal." Doe, 2001 WL 1003206, at *6.

Plaintiff has not met her burden of showing extraordinary circumstances, although she has made a diligent attempt. Her claim of bias is based primarily on the summary judgment ruling. As Magistrate Judge Martinez noted in denying the motion to recuse, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Manion, 251 F.Supp.2d at 173 (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Plaintiff argues that the summary judgment ruling is so replete with error as to compel an inference of bias. But the law of the case established by the Court of Appeals is to the contrary.

In support of her bias claim, plaintiff submits that Judge Martinez went out of her way to include a footnote in the summary judgment ruling that has caused her, the plaintiff, significant embarrassment and hardship. The footnote in question - footnote 3 in the ruling - quotes portions of a police officer's redacted incident report reciting unsavory statements attributed to the plaintiff by a third party. The footnote does not express or

imply any view that the plaintiff actually made the statements alleged by the third party and it is unfortunate if readers of the ruling have drawn such an inference.  In any case, I see no basis for concluding that Judge Martinez intentionally undertook to needlessly embarrass the plaintiff.

Finally, plaintiff states that she has been told Judge Martinez felt that she "skirted around" something the Judge said in a telephone conference.  Crediting the plaintiff's statement, it does not provide a basis for vacating the referral. "Perceived friction between the party and the magistrate judge, even coupled with adverse rulings, is not extraordinary, but is, in fact, quite ordinary and normal."  <u>Doe</u>, 2001 WL 1003206, at *4.

Accordingly, the motion to vacate the referral is hereby denied.

So ordered this 20th day of April 2012.

                              /s/ RNC
                         Robert N. Chatigny
                       United States District Judge