```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

NANCY GLEIS,                       :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :    CASE NO. 3:04CV2217(DFM)
                                   :
JOHN BUEHLER ET AL.,               :
                                   :
     Defendants.                   :
```

RULING ON MOTION FOR RECONSIDERATION

Pending before the court is the plaintiff's Motion for Reconsideration, doc. #126, of the court's order denying the plaintiff's motion to reopen the case. (See doc. #123.)

The standard for granting a motion for reconsideration "is strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)

(quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)).

As grounds for reconsideration, the plaintiff reiterates arguments she made in her motion to reopen.  Because a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided," Shrader, 70 F.3d at 257, the motion for reconsideration is DENIED.

SO ORDERED at Hartford, Connecticut this 10th day of May, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge